IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ELVIN LEE HILL AND TERESA HILL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 1:07-CV-140 |
| v. | § | |
| | § | |
| COUNTRYWIDE HOME LOANS, INC., | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Before the court is Plaintiffs' Motion to Remand [Doc. #3]. This is a removed putative class action brought by Plaintiffs against defendant Countrywide Home Loans, Inc. ("Countrywide"), asserting claims for violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17.41, et seq. ("DTPA"). Removal was based on diversity jurisdiction and Plaintiffs allege that the amount in controversy does not exceed $75,000. In response, Defendant points to Plaintiffs' pre-suit demand letter seeking $105,214 in attorneys' fees. Although no class has been certified, a suit is treated as a class action for the purpose of determining whether it has jurisdiction. Defendant has not shown that, once attorneys' fees are distributed *pro rata* to all class members, the minimum jurisdictional amount is satisfied. Plaintiffs' Motion to Remand is granted.

### I. BACKGROUND

On January 18, 2007, Plaintiffs filed a lawsuit in state court on behalf of themselves and "a class of all persons similarly situated pursuant to Texas Rules of Civil Procedure Rule 42" against Defendant, alleging that Defendant's actions with respect to borrowers affected by

hurricanes Katrina and Rita constitute negligent misrepresentations and violations of the DTPA

Defendant was served with a copy of the Original Petition on February 13, 2007. On March 15, 2007, Defendant filed a Notice of Removal with this court, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d)(2).[1] Plaintiffs now move to remand the case. Plaintiffs do not contest diversity of citizenship, but claim that the amount in controversy has not been met. Plaintiffs seek various damages in their complaint, but the amount sought is not clearly stated.

## II. LAW

A. Removal

This is a court of limited jurisdiction and may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 371 (1978). There is no federal question jurisdiction in this case, so for jurisdiction to exist there must be complete diversity and the amount in controversy must exceed $75,000. 28 U.S.C. 1332(a).[2] Alternatively, under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), a district court has diversity over any class action in

---

[1] Defendant timely filed the Notice of Removal within 30 days of receiving both the summons and a copy of the complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354, 119 S.Ct. 1322, 1328 (1999); 28 U.S.C. § 1446(b).

[2] Complete diversity exists, if at the time of filing the notice of removal "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). It is not disputed that Defendant is incorporated in New York with its principal place of business in California. Plaintiffs are citizens of Texas. The evidence before the court shows that the parties are diverse.

which there is minimal diversity - that is, any one plaintiff is a citizen of a different state than any one defendant - and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2).

The removing party has the burden of proving by a preponderance of the evidence that the amount in controversy is satisfied. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party can satisfy this burden in one of two ways: (1) by demonstrating that it is "facially apparent" the claims exceed $75,000; or (2) by establishing facts in the removal petition or accompanying affidavit to show the amount is met. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Removal "cannot be based simply upon conclusory allegations." *Allen R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The defendant must do more than simply point to a state law that *might* allow the plaintiff to recover more than what is pled. *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The examination of jurisdiction must reflect the allegation of the plaintiffs and their invocation of jurisdiction - a putative class - even if the district court has not certified a class. *In re Abbott Laboratories,* 51 F.3d 524, 525 n. 1 (5th Cir. 1995).

### III. ANALYSIS

A. Lack of Jurisdiction under 28 U.S.C. § 1332(a).

Under TEX. BUS. & COMM. CODE § 17.50(b) (2005), each consumer may be awarded three times the amount of economic damages, exclusive of interests and costs. The statute also provides that each consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees. *Id.* at 17.50(d). *See Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 536 (5th Cir. 1990)(attorneys' fees can be considered as part of the amount in controversy when provided for by state law.)

Defendant asserts that the amount in controversy exceeds $75,000. Defendant points to a January 16, 2007, pre-suit demand letter from Plaintiffs seeking $6,345.20 in economic damages and investigative expenses of $1,345.17. The investigative expenses cited within the letter are the amounts that have been incurred as of January 9, 2007. Even if the damages are trebled with penalties and costs, that number does not go above $75,000.

Defendant argues that the attorneys' fees recovered under the DTPA must also be considered to determine the amount in controversy. In the pre-suit demand letter, Plaintiffs sought "reasonable attorney fees of $105,214.00 or up to 33% of the common fund to the extent permitted by law."

Defendant does not dispute that under Texas law, attorneys' fees should not be attributed to named class representatives for jurisdictional purposes, so the value to each potential individual plaintiff cannot be aggregated to satisfy the amount in controversy. Def's Res. to Mot., p. 2; *See Coghlan v. Wellcraft Marine Corp.,* 240 F.3d 449, 455 (5th Cir. 2001)(holding that the "standard approach to awards of attorney's fees in a class action context is to distribute them pro rata to all class members, both named and unnamed").

While Defendant argues that Plaintiffs should not be allowed to avoid federal jurisdiction by claiming that their demand for attorneys' fees is attributable to an entire class of Plaintiffs who have not yet been named or identified.  This is contrary to Fifth Circuit precedent, which states that a suit is treated as a class action for jurisdictional purposes even if the district court has not certified a class. *See In re Abbott Laboratories,* 51 F.3d at 525 n. 1. Defendant has not shown that, once the attorneys' fees are distributed *pro rata* to all class members, the minimum jurisdictional amount is satisfied.

Moreover, even if the court were to consider only the named plaintiffs, there would be no reasonable basis to predict a recovery of over $100,000 in attorneys' fees for a $6,345.20 case. Defendant does not cite any case in which attorneys' fees exceeded 16 times the actual damages.  *See Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714 (5th Cir. 1974)(attorneys' fees must be reasonable in light of the amount of money involved in the litigation and the result obtained.)

Defendant next contends that the "fact that the attorneys have already incurred such a substantial amount of fees is strong evidence that the damages attributable to the named Plaintiffs alone will exceed the jurisdictional minimum."  Plaintiffs seek only $6,345.20 for economic damages and the statute awards only three times this amount. It is not facially apparent, and Defendant has not demonstrated by a preponderance of the evidence that the damages awarded to any single plaintiff will even approach, much less meet, the minimum jurisdictional amount.

B. Jurisdiction under 28 U.S.C. § 1332(d)(2).

Defendant alleges that diversity jurisdiction exists under the CAFA. CAFA states that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which - any member of a class of plaintiff is a citizen different from any defendant. . . ." 28 U.S.C. § 1332(d)(2)(A). The proposed class must also include at least 100 members. 28 U.S.C. § 1332(d)(5)(B).

Defendant has not provided any facts for the court to determine whether jurisdiction lies under section 1332(d)(2). Defendant admits that it is still "investigat[ing] whether it has a basis to remove pursuant to 28 U.S.C. § 1332(d)(2)" and, at this time, does not have

"sufficient information to assert this basis for removal." Therefore, Defendant has not carried its burden of demonstrating that grounds for diversity jurisdiction exist under section 1332(d)(2).

C. Attorneys' Fees and Just Costs

Plaintiffs argue that the court should also award costs and attorneys' fees to the Plaintiffs for improper removal.  28 U.S.C. § 1447(c) provides that a remand order may require payment of attorneys' fees. *Martin v. Franklin Capital Corp.,* 126 S.Ct. 704, 709 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711.

Defendant's arguments appear objectively reasonable.  The nonremovability of this case is not so obvious as to warrant an award of costs.  Accordingly, Plaintiffs' request for costs and attorneys' fees is denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Doc. #3] is **GRANTED.**  The clerk shall forward a copy of the order to the 58th Judicial District Court in Jefferson County, Texas. Plaintiffs' Motion for Attorneys' Fees and Costs is **DENIED.**

So **ORDERED** and **SIGNED** this **31** day of **May, 2007.**

_____
Ron Clark, United States District Judge